**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SHIMON BELLAISH, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2791 |
| | § | |
| CHASE HOME FINANCE, LLC, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment ("Motion")

[Doc. # 9] filed by Defendant Chase Home Finance, LLC ("Chase"), to which

Plaintiffs Shimon and Rachel Bellaish filed a Response [Doc. # 11], Chase filed a

Reply [Doc. # 12], and Plaintiffs filed a Sur-Reply [Doc. # 13].[1]  Having carefully

reviewed the full record and applicable legal authorities, the Court **grants** Defendant's

Motion as to the Texas Debt Collection Act ("TDCA") claim and **denies** it as to the

breach of contract claim.

## I.  FACTUAL BACKGROUND

In June 2005, Plaintiff Rachel Bellaish executed an Adjustable Rate Note

("Note") in the original amount of $285,928.00.  *See* Note, Exh. 2 to Plaintiffs'

---

[1]      Although Plaintiffs neither requested nor obtained leave to file the Sur-Reply, the Court has considered it in reaching its decision in this case.

Response.  Both Shimon and Rachel Bellaish executed a Deed of Trust for their residence, which is located in Harris County, Texas.  *See* Deed of Trust, Exh. 3 to Plaintiffs' Response.  After the Note went into default, Plaintiffs applied for a loan modification and entered into a Home Affordable Modification Trial Period Plan ("Trial Plan").  *See* Exh. 1 to Plaintiffs' Original Petition, Exh. A-2 to Notice of Removal [Doc. # 1].

Plaintiffs filed this lawsuit in Texas state court, and Chase filed a timely Notice of Removal.  In their lawsuit, Plaintiffs allege that Chase violated the TDCA by sending letters in May and June 2010 that contained different outstanding loan balances.  *See* Original Petition, ¶ 12.  Plaintiffs also allege that Chase breached its contract with Plaintiffs to allow a loan modification.  *See id.*, ¶ 14.

Following an adequate opportunity to complete discovery, Chase filed its Motion for Summary Judgment.  The Motion has been fully briefed and is now ripe for decision.[2]

---

[2]     Plaintiffs object to the affidavit of Thomas Reardon because Reardon was not identified in Defendant's disclosures.  The Court has not considered the Reardon Affidavit and, instead, bases its ruling on the evidence attached by Plaintiffs to their Original Petition and to their Response.  As a result, the objection is overruled as moot.

## II.    STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.  56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44

F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)).

The non-movant's burden is not met by mere reliance on the allegations in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

III.   **ANALYSIS**

A.   **TDCA Claim**

Under the Texas Finance Code, "a debt collector may not use a fraudulent,

deceptive, or misleading representation" that "misrepresent [s] the character, extent,

or amount of a consumer debt, or misrepresent[s] the consumer debt's status in a

judicial or governmental proceeding."   TEX. FIN. CODE § 392.304(a)(8).   For a

statement to constitute a misrepresentation under the TDCA, the debt collector must

have made an affirmative statement that was false or misleading.   *See Narvaez v.*

*Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 632 (N.D. Tex. 2010).   "A collection

notice or balance statement misstating the amount owed on a debt constitutes a

misleading assertion regarding the amount of that debt under the TDCA.   *Id.*

In this case, Plaintiffs allege that Defendant misrepresented the amount owed

on the debt when it sent a letter in May 2010 stating that the debt was $272,254.31,

and sent a letter in June 2010 stating that the debt was $309,136.91.   The evidence

submitted by Plaintiffs establishes, however, that the May 2010 letter related to the

"principal balance" based on the monthly payments due by July 1, 2010.   *See* May

2010 Letter, Exh. 2 to Plaintiffs' Original Petition.   The June 2010 letter, on the other

hand, clearly reflected that the debt had been accelerated, resulting in an increased

amount of debt as of the date of the letter.  *See* June 2010 Letter, Exh. 4 to Plaintiffs'
Response.

Plaintiffs have failed to present evidence that the amount of the debt as reflected
in the May 2010 Letter or in the June 2010 Letter was incorrect as of the date of each
letter.  Defendant has explained and presented evidence to show that the differing
amounts were the result of the debt being accelerated.  Absent evidence that the
amount in either letter was incorrect, Defendant is entitled to summary judgment on
this claim.

In their Original Petition, Plaintiffs base their TDCA claim also on their
"impression" that Chase had all the information they needed.  Plaintiffs allege that the
uncertainty regarding whether the loan modification had been approved constituted
a misrepresentation regarding the status of the debt.  *See* Original Petition, ¶ 13.
Plaintiffs do not, however, maintain that allegation in their Response to Defendant's
Motion for Summary Judgment on the TDCA claim.  Instead, Plaintiffs argue that
Defendant violated the TDCA by attempting to collect a debt that it was not legally
entitled to collect because HSBC Bank USA is not the true holder of the Note and
Deed of Trust, and Chase is not the lawful servicer of the debt.  *See* Plaintiffs'
Response, ¶ 19.  Plaintiffs in their Original Petition did not base their TDCA claim on
the argument that HSBC Bank USA is not the lawful holder of the Note or that

Defendant is not the legal servicer for the debt.  Indeed, Plaintiffs specifically assert in their Original Petition that the "current mortgagee of the indebtedness is HSBC Bank USA" and that "Chase Home Finance, LLC is acting as the Mortgage Service for HSBC Bank USA by virtue of a servicing agreement with the Mortgagee." *See* Original Petition, ¶ 7, n.1.  Based on Plaintiffs' assertions in the Original Petition and the absence of evidence to the contrary, Defendant is entitled to summary judgment on any TDCA claim based on Chase's legal authority to service the debt at issue in this case.

### B.   <u>Breach of Contract Claim</u>

In order to prevail on a breach of contract claim, a plaintiff must establish the existence of a contract, the performance or tender of performance by the plaintiff, a breach by the defendant and damages as a result of that breach.  *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003) (citing *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App.—Houston [14th Dist.] 2000, no pet.)).  In this case, Plaintiffs allege that Defendant breached its contract to provide a loan modification if Plaintiffs' satisfied certain requirements.

The Trial Plan provides that if Plaintiffs were in compliance with the requirements of the Trial Plan and their representations in the Trial Plan continued to be true, then the Lender "will provide [them] with a Home Affordable Modification

Agreement . . . ." *See* Trial Plan, Exh. 1 to Original Petition.  Plaintiffs allege that they complied fully and that their representations remained correct, but Chase failed to comply with their contract to provide a Home Affordable Modification Agreement.

Defendant argues that it is entitled to summary judgment on Plaintiffs' breach of contract claim because Plaintiffs failed to provide requested documentation and failed to make a timely mortgage payment under the Trial Plan.  Defendant has submitted copies of letters it sent to Plaintiffs requesting additional documentation and noting the missed payment in November 2009.  Plaintiffs have submitted sworn affidavits stating that they provided "any and all documentation requested from [them] to complete the loan modification" and that they timely paid all monthly mortgage payments between September 1, 2009, and June 2010.  *See* Declaration of Shimon Bellaish, Exh. 7 to Plaintiffs' Response, ¶¶ 13-14; Declaration of Rachel Bellaish, Exh. 8 to Plaintiffs' Response, ¶¶ 13-14.  Plaintiffs also submitted copies of cover letters, fax cover sheets, and other indicia that they mailed the requested documents to Defendant.

Plaintiffs have presented evidence that raises a genuine issue of material fact regarding whether they complied fully with all requirements of the Trial Plan such that Defendant was required to provide them with a Home Affordable Modification

Agreement.  Defendant's Motion for Summary Judgment on the breach of contract claim is **denied**.

## IV.    <u>CONCLUSION AND ORDER</u>

Plaintiffs have failed to present evidence that raises a genuine issue of material fact in support of their TDCA claim.  Consequently, Defendant is entitled to summary judgment on the TDCA claim.

Plaintiffs have presented evidence that raises a genuine issue of material fact regarding whether they complied with the requirements for the Trial Plan such that Chase was contractually obligated to provide a Home Affordable Modification Agreement.  As a result, summary judgment on the breach of contract claim is not appropriate.  It is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 9] is **GRANTED** as to the TDCA claim and **DENIED** as to the breach of contract claim.

The parties are reminded that they are required to participate in mediation prior to the **November 23, 2011** docket call.

SIGNED at Houston, Texas this **14th** day of **October, 2011**.

Nancy F. Atlas
United States District Judge